IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN T. SHINGARA, | : | CIVIL ACTION NO. 1:07-CV-1252 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| MAJOR WESLEY WAUGH, KATHY | : | |
| SKILES, ROSE POLEK, BARBARA | : | |
| CHRISTIE, THOMAS JAKUBIAK, | : | |
| JOHN SPANOS, CHARLES | : | |
| BRENNAN, and ADAM KISTHARDT, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

This is the third in a series of related First Amendment retaliation actions filed by plaintiff John T. Shingara ("Shingara"), an employee of the Pennsylvania State Police ("State Police"). From 1992 to 2004, Shingara worked in the Technical Support Division ("TSD") of the State Police under the supervision of defendant Kathy A. Skiles ("Skiles"). In 2004, Shingara was transferred to the Strategic Development Division ("SDD") after an internal State Police investigation revealed that Shingara had drafted an anonymous letter criticizing Skiles' management style. See Shingara v. Skiles, No. 04-0621, 2007 WL 210800, at *1, 3 (M.D. Pa. Jan. 24, 2007). In his first lawsuit, Shingara alleged that several State Police employees had conspired to transfer him to SDD and to subject him to other retaliatory employment actions because he had offered testimony about an alleged

malfunction of State Police radar equipment.[1]  The court granted defendants' motion for summary judgment after finding that Shingara had failed to set forth a prima facie case of First Amendment retaliation.  In his second lawsuit, Shingara alleged that several State Police employees had retaliated against him for filing Shingara I.[2]  The court again determined that Shingara had failed to proffer a prima facie case of First Amendment retaliation.  Shingara now alleges that he has been subjected to additional retaliatory actions because of his filing of Shingara I and Shingara II.  Presently before the court is Skiles' motion to dismiss (Doc. 8).  For the reasons that follow, the motion will be granted, and Shingara will be granted leave to file an amended complaint.

I.      **Factual Background**[3]

On February 12, 2007, a meeting was convened at State Police headquarters "to decide what to do with Mr. Shingara." (Doc. 1 ¶¶ 9-11.)  Present at the meeting were defendants Wesley R. Waugh ("Waugh"), Barbara Christie, Thomas F. Jakubiak ("Jakubiak"), and Rose Polek.  (Id. ¶ 10.)  During the meeting, Waugh purportedly stated, "I promised Kathy Skiles that Tim Shingara would never work

---

[1] Shingara v. Skiles, No. 04-0621 (M.D. Pa. 2004).  The named defendants in Shingara I included Kathy A. Skiles and Wesley R. Waugh, both of whom are defendants in the instant action.

[2] Shingara v. Miller, No. 05-1807 (M.D. Pa. 2005).

[3] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint.  See infra Part II.  The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

for her again." (Id. ¶ 12.) Jakubiak advised Waugh that he did not possess the authority to make such a promise and began to discuss certain legal issues "that would ostensibly prohibit Shingara from working with Skiles." (Id. ¶ 13.) As a result of the meeting, Shingara was transferred from his position in SDD to the Office of Administration, where he was allegedly pressured to drop his pending lawsuits, spied upon, harassed and intimidated, and subjected to a false disciplinary action. (Id. ¶¶ 19, 21-27.) Following the disciplinary action, Shingara was transferred back to his position in SDD and was "assigned to a desk in a corner with nothing to do." (Id. ¶¶ 24, 28.)

On July 10, 2007, Shingara filed the instant action, alleging that defendants[4] conspired to retaliate against him in violation of his First Amendment rights.[5] (See Doc. 1.) Skiles filed the instant motion to dismiss, arguing that Shingara has failed to allege that she was personally involved in any constitutional deprivations he may have suffered. (See Docs. 8, 10.) The motion has been fully briefed and is ripe for disposition.

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.

---

[4] The defendants are Skiles, Waugh, Polek, Christie, and Jakubiak, along with John Spanos, Charles Brennan, and Adam Kisthardt. (See Doc. 1.)

[5] Defendants' brief in opposition to the motion to dismiss clarifies that his conspiracy claim arises under § 1983, rather than under 42 U.S.C. § 1985. (See Doc. 18 at 2-3.)

3

FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007).  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal

theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, ___ U.S. at ___, 127 S. Ct. at 1969).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane, 213 F.3d at 116-17.

### III.  Discussion

For a § 1983 claim to survive a motion to dismiss, a plaintiff must allege "that each and every defendant was personally involved in depriving him of his rights." Kirk v. Roan, No. 04-1990, 2006 WL 2645154, at *3 (M.D. Pa. Sept. 14, 2006); see also Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing.").  A defendant's personal involvement in a constitutional violation may be established via allegations of "personal direction," "actual knowledge and acquiescence," or "direct discrimination."  Evancho, 423 F.3d at 353; see also Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990).  This court has described the specificity required of such allegations as follows:

> Such allegations are sufficient to survive a motion to dismiss when they name the individuals responsible, the conduct, the time, and the place of the incident that deprived a plaintiff of his civil rights.  Conversely, alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights in insufficient.  Accordingly, a § 1983 complaint must be dismissed when it fails to contain even a remote suggestion that a supervisory defendant had contemporaneous, personal knowledge of the alleged harm and acquiesced in it.

5

Kirk, 2006 WL 2645154, at *3 (quoting Evancho, 423 F.3d at 353 and Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)) (internal citations omitted).

In the instant case, Shingara's allegations against Skiles are not the picture of clarity. However, Shingara apparently avers that Skiles, Waugh, and several other defendants engaged in an "undisclosed conspiracy" to prevent Shingara from returning to Skiles' supervision by transferring him to the Office of Administration. (Doc. 1 ¶¶ 16-18.) The court finds that Shingara's allegations that Skiles was tacitly involved in the decision to effectuate his transfer are little more than unsupported hypotheses which are patently insufficient to satisfy the personal involvement requirement. See Kirk, 2006 WL 2645154, at *3. Shingara alleges that several of the defendants met to discuss his future within the State Police; however, Shingara concedes that Skiles was not present at this meeting. Shingara also points to Waugh's "promise" that he would not be returned to Skiles' supervision in an effort to impute to Skiles responsibility for the meeting and the resultant decision. However, Shingara offers nothing aside from his own conjecture to suggest that Waugh's "promise" to Skiles was in any way related to the subsequent meeting. Without establishing such a relationship, Shingara cannot demonstrate that Skiles possessed any knowledge of the meeting or of its outcome. Absent more specific allegations that Skiles engaged in conduct intended to deprive Shingara of his civil rights, Shingara's claims against Skiles cannot proceed. Id.

Accordingly, the court will grant Skiles' motion to dismiss (Doc. 8), but will grant Shingara leave to file an amended complaint alleging sufficient facts to suggest that Skiles was personally involved in the purported constitutional violations.

An appropriate order will issue.

       S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:	April 10, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN T. SHINGARA,** : | **CIVIL ACTION NO. 1:07-CV-1252** |
| : | |
| **Plaintiff** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **MAJOR WESLEY WAUGH, KATHY** : | |
| **SKILES, ROSE POLEK, BARBARA** : | |
| **CHRISTIE, THOMAS JAKUBIAK,** : | |
| **JOHN SPANOS, CHARLES** : | |
| **BRENNAN, and ADAM KISTHARDT**, : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 10th day of April, 2008, upon consideration of the motion to dismiss (Doc. 8), filed by defendant Kathy Skiles, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 8), filed by defendant Kathy Skiles, is GRANTED.

2. On or before April 23, 2008, plaintiff shall be permitted to file an amended complaint that alleges personal involvement on the part of defendant Kathy Skiles. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

3. In the absence of a timely-filed amended complaint, the above-captioned case will proceed against the remaining defendants.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge